BENJAMIN F. BARTLETT & wife *vs.* THOMAS F. TARBELL.

In an action to recover money promised to be paid in consideration of a release of the plaintiff's interest in a parcel of land, there was evidence tending to show that the defendant promised to pay one hundred dollars down, and an additional sum as soon as "he could get rid of Howe," who held a mortgage on the land from the plaintiff, and had agreed, as the plaintiff contended, to surrender it. The plaintiff in his release to the defendant covenanted to warrant and defend the land from all incumbrances made by him. Howe had entered to foreclose for breach of condition, and three years from such entry had not elapsed at the date of the release to the defendant. The defendant went into possession under his release, and has ever since occupied the land, though the three years have now elapsed. Howe absconded, and there was no further evidence as to his title. *Held*, that the question should be submitted to the jury whether the defendant agreed to pay one hundred dollars down for the release, and if so the plaintiff was entitled to recover that sum, and no more; and that the defendant was not entitled to avail himself, in defence, of the plaintiff's covenant in the release.

CONTRACT. The declaration averred that, in consideration of a conveyance by the plaintiffs of the interest of the female plaintiff in a lot of land, the defendant promised to pay her eight hundred dollars. The answer, amongst other things, set forth that the promise, if made, was without consideration, and that the consideration had failed.

At the trial in the superior court, before *Ames*, J., it appeared

that in 1855 the defendant conveyed the lot to the female plain-
tiff, she paying one hundred dollars in cash, and giving a note
secured by mortgage on the land for seven hundred and fifty
dollars ; and that she had since paid about four hundred and
fifty dollars on the note.   In 1857 the plaintiffs mortgaged the
lot to Oliver Howe, to secure the sum of fifteen hundred dol-
lars.   Howe subsequently, at a time which did not appear, en-
tered upon the premises to foreclose his mortgage for breach of
condition, and a certificate thereof was duly recorded.

In April 1859 the defendant, fearing that his mortgage was
not valid because not signed by the husband, requested a quit-
claim deed, saying that he would pay one hundred dollars in
hand, and afterwards all that Mrs. Bartlett had paid ; and after-
wards she and her husband executed such deed, on the 29th of
April 1859, covenanting therein to " warrant and defend the
premises from all incumbrances, so far as made by us, but not
otherwise."   Mrs. Bartlett testified that the defendant said he
wanted this release to secure her from Howe ; that he would
pay her one hundred dollars down, and would pay back all that
she had paid as soon as he got rid of Howe ; and that after he
got the release into his hands he said he was late for the cars
and must hurry away, but would pay soon.

The mortgage and notes to Howe were given in pursuance
of a negotiation to purchase a paper-mill of him.   Mrs. Bart-
lett testified, " We returned the paper-mill to him and gave up
his bond," but there was no evidence of any conveyance thereof.
She also stated that Howe agreed to give up the notes if they
would give up the mill, and they agreed to do so ; but he had
never given up the notes.   Her son also testified to the defend-
ant's promise to pay one hundred dollars down.   Howe's bond
for the conveyance of the paper-mill was put in evidence.   After
occupying the paper-mill for a few months and laying out about
four hundred dollars in improvements, Bartlett left it and has
never completed the purchase, or paid the notes.   Howe ab-
sconded, and there was no further evidence as to who held his
title as mortgagee, or that he or any one in his right had occu-
pied the land or taken the rents.   The defendant has occupied

the land since the date of the release to him. The value of the estate was from six hundred dollars to eight hundred and fifty.

The judge ruled that, taking the evidence of the plaintiffs to be true, it did not show an absolute promise to pay for a conveyance of said Sarah's interest in the land, but on the contrary a promise to pay for the land at such time as he should have the claims of Howe as mortgagee removed and extinguished, and depending on that as a condition precedent, and that there was no evidence that that contingency had happened; that, on the contrary, the said mortgage had been legally foreclosed, and the title of the mortgagee rendered absolute, and that the defendant had acquired no title in the premises as against said mortgage, and so that the consideration for the alleged promise (if any such promise were made) had wholly failed; and that the plaintiffs were not entitled on the above described facts to recover in this action. He therefore directed a verdict for the defendant, which was accordingly rendered; and the plaintiffs alleged exceptions.

*J. C. Kimball*, for the plaintiff.

*T. Wentworth*, for the defendants.

Hoar, J. The ruling at the trial was clearly right, that so much of the consideration of the quitclaim deed as was to be paid when Howe's title was extinguished was not yet due and payable, and could not be recovered in this action, because Howe's title was not shown to be extinguished. But there was some evidence tending to show that it was agreed that $100 of the purchase money should be paid down when the quitclaim deed was executed. Two witnesses testified to such an agreement; and the evidence upon that point should have been submitted to the jury, unless there was some other legal objection to the maintenance of the action.

But if the jury had found upon the evidence that the defendant promised to pay $100 to the plaintiffs on the delivery of the quitclaim deed, the plaintiffs could have maintained their action to that extent, unless, 1. there had been no consideration for the promise to pay the $100 or, 2. the consideration had failed; or, 3. the defendant had a valid claim against the plaintiffs

which, to avoid circuity of action, could be made available in recoupment of damages.

There was certainly a valid consideration for the promise to pay the $100. The quitclaim deed conveyed the equity of redemption, and the defendant entered under it, and has not since been disturbed in his possession. The mortgage to Howe, although he had entered under it for the purpose of foreclosure, was not foreclosed.

The same consideration shows that there was no total failure of consideration. The defendant took by his deed an estate in the land, which he has since held and enjoyed.

The only question which presents any difficulty is that which relates to the plaintiffs' covenant. This covenant is peculiar It is not a covenant that there were no incumbrances when the deed was made, but a limited covenant " to warrant and defend " from all incumbrances made by the grantors, but not otherwise. As against the Howe mortgage, it is a covenant to warrant and defend. But although Howe had entered for the purpose of foreclosure, and had recorded his certificate of entry under the statute, so that in three years the foreclosure would be completed, he has not evicted the defendant, nor has the defend-· ant in any manner recognized or yielded to his paramount right. If the plaintiffs' evidence were believed, it might even be doubted whether Howe has been holding or claiming to hold possession under his entry for the purpose of foreclosure. If the plaintiffs gave up to Howe the paper-mill estate which they had contracted to purchase, under an agreement that giving it up and abandoning their contract should be a satisfaction of the mortgage notes, it would be at least questionable whether any foreclosure of the mortgage, binding on the plaintiffs, could afterward be enforced by Howe. It would be the case of a mortgagee who had taken and recorded formal possession under his mortgage, receiving full satisfaction of the mortgage debt before foreclosure, and leaving the mortgagor in undisturbed possession thereafter, though without discharging the mortgage, or doing any other act in relation to the estate. Whatever might be the effect of the record in favor of a subsequent grantee of the

mortgagee without notice, as between the original parties it would seem that equity could not regard the possession as continuing for the purpose of foreclosure in such a case. At least, it would be evidence of a reinstatement of the mortgagor's possession.

But as the defendant entered under his deed, with a warranty against Howe's mortgage, and has not been evicted or disturbed, we do not think it so far certain that he has any right of action against the plaintiffs on their covenant, as to allow him to use it as a defence to this action.                *Exceptions sustained.*